Case 4:24-cv-04990   Document 7   Filed on 08/18/25 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
August 18, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ST. SEBASTIANS HOTELS, LLC, § | |
| Appellant, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:24-CV-04990 |
| § | |
| ABRAHAM THOMAS, *et al.*, § | |
| Appellees. § | |

## MEMORANDUM OPINION AND ORDER

This is a bankruptcy appeal in which St. Sebastian's Hotels, LLC is challenging a take nothing judgment as to Defendants Abraham Thomas and Sonny Thottumkal. The Court **AFFIRMS** the bankruptcy court's judgment.

### I.   BACKGROUND

Appellant St. Sebastian's Hotels, LLC ("Sebastian") appeals the United States Bankruptcy Court for the Southern District of Texas's decision in its adversary proceeding against Defendants Olympia Hospitality, LLC ("Olympia"), Abraham Thomas ("Thomas"), and Sonny Thottumkal ("Thottumkal"). (Dkt. 4). After conducting a trial, the bankruptcy court issued a take-nothing judgment against Thomas and Thottumkal alongside a $974,582.85 judgment against Olympia. (*Id*. at p. 16). Sebastian appeals the take-nothing judgment, generally arguing that the bankruptcy court misapplied the Texas Business Organizations Code. (Dkt. 4 at p. 18).

This matter arises out of a Sales and Purchase Agreement (the "Agreement") entered into by Sebastian and Olympia regarding ownership of the Oyo Hotel in Alice, Texas (the

"Hotel"). (Dkt. 3-13 at p. 17). This agreement, according to the bankruptcy court, was "not well drafted." *Id*. "Irrespective of its terms, after it was signed Olympia took possession of the Hotel and it was managed by [Thomas and Thottumkal] until such time as [Sebastian] received a Court order to retake possession" of the Hotel. *Id*. Sebastian conducted a turnover of the Hotel, and Olympia defaulted under the terms of the agreement. (*Id*. at pp. 17 – 18).

Sebastian brought claims that the defendants both failed to maintain the Hotel and breached the Agreement by failing to make payments to a lienholder, leading to the foreclosure of the Hotel. (*Id*. at p. 15). The bankruptcy court ultimately conducted a trial on these claims. *Id*. As it explains:

> "This case has not been well litigated, and the trial was held on incomplete discovery. Defendants [Thomas and Thottumkal] were each served Admissions, Interrogatories and a Request for Production … which went unanswered. … [T]he Plaintiff never sought to compel the individual defendants to answer the interrogatories or produce documents, so there were no interrogatory answers and no production of documents by the individual defendants. None of the defendants ever engaged in any discovery."

(*Id*. at p. 16). Still, the bankruptcy court was willing to find 54 admissions deemed admitted, and it was upon these admissions that the case was tried. *Id*. The bankruptcy court stressed that "the Plaintiff still [had] a burden to meet and that the record in this is case is muddled at best and the Plaintiff has failed, in part, to meet its burden." (*Id*. at p. 17).

The bankruptcy court found that the Agreement is enforceable, Plaintiff did not default under the terms of the Agreement, and Olympia did default under the terms of the

Agreement. (*Id*. at pp. 17 – 18). However, while Sebastian made claims against Thomas and Thottumkal for breach of fiduciary duty during the trial, the bankruptcy court said it was unable to find evidence of such in the record—and Sebastian therefore failed to carry its burden of proof. (*Id*. at p. 19). Specifically, "[w]hat is missing from the trial record is direct evidence that [Thomas and Thottumkal] perpetrated an actual fraud on [Sebastian] for **their direct personal benefit**." (*Id*. at pp. 19 – 20) (emphasis in original). In making this finding, the bankruptcy court reiterated "that there was no production of financial records by [Thomas and Thottumkal] due to their non-responsiveness to the Request for Production. The Plaintiff did not seek to compel the production of these records, and they did exist." (*Id*. at p. 19). "[W]hile the documents were not produced, the failure of [Sebastian] to take further action to compel production does not alleviate its burden of proof as to a required finding of direct personal benefit by the individual defendants." (*Id*. at p. 20).

      Sebastian argues that it did not need to prove direct personal benefit as to Thomas and Thottumkal to hold the individual defendants personally liable for the damages. (Dkt. 4). Further, Sebastian argues that Thomas and Thottumkal's failure to produce financial records should support liability. *Id*. Finally, Sebastian argues that the individual defendants should be found liable for punitive damages. *Id*.

## II.     BANKRUPTCY APPEALS

Federal district courts have jurisdiction to hear appeals from the final judgments of bankruptcy judges. 28 U.S.C. § 158(a). An appeal to a district court from the bankruptcy court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts[.]" 28 U.S.C. § 158(c)(2).

The Court reviews the bankruptcy court's legal conclusions *de novo* but may only disregard a fact finding made by the bankruptcy court if that fact finding is clearly erroneous. *In re Perry*, 345 F.3d 303, 309 (5th Cir. 2003). "A factual finding is not clearly erroneous if it is plausible in the light of the record read as a whole." *In re Ramba, Inc.*, 416 F.3d 394, 402 (5th Cir. 2005). The Fifth Circuit has emphasized that, under the "clearly erroneous" standard, this Court "may [not] weigh the evidence anew" and may only set aside the bankruptcy court's fact findings if it is "left with the definite and firm conviction that a mistake has been committed." *In re Perry*, 345 F.3d at 309 (quotation marks omitted).

## III.     ANALYSIS

The Court affirms the bankruptcy court's judgment. While the bankruptcy court erroneously applied a standard from the Texas Business Organizations Code to Sebastian's tort claims, the Court finds that this mistake was harmless error and should be affirmed. Additionally, the bankruptcy court's fact findings challenged by Sebastian's appeal may not be overturned. Accordingly, the Court affirms the judgment in its entirety.

### A. Direct Personal Benefit

The Court finds that the bankruptcy court misapplied the Texas Business Organizations Code to Sebastian's tort claims against the individual defendants; however, the Court holds that this harmless error must be affirmed. Sebastian argues that the bankruptcy court erred by applying section 21.223(b) of the Texas Business Organizations Code—the veil piercing statute—to Sebastian's claims of personal liability against Thomas and Thottumkal. (Dkt. 4 at p. 20). Specifically, Sebastian asserts that its claims against the individual defendants were for tortious conduct and therefore, under precedent from the Supreme Court of Texas, Thomas and Thottumkal's liability was not limited by the Texas Business Organizations Code. (*Id*. at p. 24); *see Keyes v. Weller*, 692 S.W.3d 274, 278 (Tex. 2024). The Court reviews this issue of law *de novo*.

Section 21.223 of the Texas Business Organizations Code shields members of a limited liability company—such as Thomas and Thottumkal—from liability "to the corporation or its obligees with respect to … any contractual obligation of the corporation or any matter relating to or arising from the obligation on the basis that the [member] is or was the alter ego of the corporation or on the basis of actual or constructive fraud, a sham to perpetrate a fraud, or other similar theory." TEX. BUS. ORGS. CODE § 21.223(a)(2). An exception to this limitation on liability exists where the member "caused the corporation to be used for the purpose of perpetrating and did perpetrate an actual fraud on the oblige primarily for the direct personal benefit of the [member]." *Id*. § 21.223(b).

Importantly, though, the Texas Supreme Court has found that section 21.223 "does not limit an individual's liability under the common law for tortious acts allegedly committed while acting as a corporate officer or agent, even when the individual is also a shareholder or member." *Keyes*, 692 S.W.3d at 276. The breach of fiduciary duty is an intentional tort under Texas law. *Wren v. Midwestern State Univ.*, No. 05-22-00207-CV, 2023 Tex. App. LEXIS 7289, at *5 (Tex. App. Sep. 20, 2023).

Sebastian argues that its claims against Thomas and Thottumkal sound in common law tort and therefore should not be subject to the requirement that the alleged tort was perpetrated for direct personal benefit. The Court agrees, despite Sebastian's complaint in the adversary proceeding being devoid of tort claims. *See* (Dkt. 3-4).

As explained in Sebastian's own Motion for Partial Summary Judgment, "[t]he complaint included two counts: Count I: Damages for Failure to Maintain and Insure the Hotel and Count II: Breach of Contract by Failure to Make Payments to Plaintiff, to United Business Bank ("UBB"), and to Property Taxing Authorities per the Sale Agreement." (Dkt. 3-5 at p. 51). Nowhere in Plaintiff's Complaint does Sebastian bring tort claims against the individual defendants. *See* (Dkt. 3-4).

However, Sebastian did raise a tort claim against the individual defendants in Plaintiff's Portion of Joint Pretrial Stipulation, stating that "Plaintiff also seeks a determination that [Thomas and Thottumkal] … breached their fiduciary duty towards

Olympia, and are personally responsible for the losses to the Hotel." (Dkt. 3-10 at p. 8).[1] This breach of fiduciary claim, found in the pretrial order, is the only tort claim brought against the individual defendants on the record. Still, "[a] party has presented an issue in the trial court if that party has raised it in either the pleadings or the pretrial order, or if the parties have tried the issue by consent under Federal Rule of Civil Procedure 15(b)." *Mongrue v. Monsanto Co.*, 249 F.3d 422, 427 (5th Cir. 2001). Accordingly, Sebastian successfully brought a breach of fiduciary claim, and the bankruptcy court erroneously applied the Texas Business Organization Code to this tort claim.

This error, however, was harmless. The harmless-error rule applies in the bankruptcy context as well as in any other civil case. *See* FED. R. BANKR. P. 9005 ("Fed. R. Civ. P. 61 applies in a bankruptcy case."); FED. R. CIV. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."). As discussed more below, the bankruptcy court did not find evidence of fraud or other tortious wrongdoing in the record, and the Court cannot hold that this finding is clear error. Therefore, Sebastian could not have prevailed on its claim for personal liability against Thomas and Thottumkal—even if it were not held to the

---

[1] The Court notes that Sebastian attempts to bring a claim against Thomas and Thottumkal for breaching their fiduciary duty *to Olympia*—not to Sebastian. To succeed on a breach of fiduciary duty claim, Texas law requires "(1) a fiduciary relationship *between the plaintiff and defendant*, (2) a breach by the defendant of his fiduciary duty to the plaintiff, and (3) an injury to the plaintiff or benefit to the defendant as a result of the defendant's breach." *Lundy v. Masson*, 260 S.W.3d 482, 501 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (emphasis added). Here, Sebastian attempts to sue the individual defendants for allegedly breaching their duty to another entity.

erroneous standard under the Texas Business Organizations Code's exception for limiting liability. Accordingly, the Court affirms the bankruptcy court's finding as harmless error.

### B.    Personal Liability

The Court affirms the bankruptcy court's fact finding on Thomas and Thottumkal's personal liability. Sebastian argues on appeal that the bankruptcy court "erred by not finding Thomas and Thottumkal personally liable to Sebastian for the actual damages it suffered as a result of their actions as fiduciaries for Olympia. (Dkt. 4 at p. 29). However, the bankruptcy court found no evidence of tort in the record. (Dkt. 3-13 at p. 19). "What is missing from the trial record is direct evidence that [the individual defendants] perpetrated an actual fraud." (*Id*. at pp. 5 – 6). This fact finding by the bankruptcy court may only be disregarded by the Court if it is clearly erroneous. *In re Perry*, 345 F.3d at 309. The Court finds that nothing in the record supports a "definite and firm conviction that a mistake has been committed." *Id*. at 309. Accordingly, the Court affirms the bankruptcy court's finding on this issue.

### C.    Direct Action to Commit Conversion

The Court affirms the bankruptcy court's fact finding on the issue of conversion. Sebastian argues that the bankruptcy court erred by concluding that the lack of any financial records does not demonstrate a direct action to commit conversion by Thomas and Thottumkal. (Dkt. 4 at p. 35). Again, this is a fact-based inquiry, and the bankruptcy court's finding is given deference. *See In re Perry*, 345 F.3d at 309. Sebastian argues that Thomas and Thottumkal "failed to disclose any financial information as to the funds

received and such failure demonstrates a 'direct personal benefit.'" (*Id*. at p. 39). However, the bankruptcy court found that, "while the documents were not produced, the failure of [Sebastian] to take further action to compel production does not alleviate its burden of proof." (Dkt. 3-13 at p. 20). The evidence does not suggest that the bankruptcy court made a clearly erroneous finding in making such a determination, and the Court affirms this finding.

## IV.   CONCLUSION

The record does not support reversal of the bankruptcy court's take-nothing judgment as to Thomas and Thottumkal. The Court **AFFIRMS** the bankruptcy court's judgment. This appeal is **DISMISSED**.

SIGNED at Houston, Texas on August 18, 2025.

*George C. Hanks Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE